IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GENE E. NEVILS | ) | |
| | ) | |
| v. | ) | No. 3:12-0188 |
| | ) | |
| CAROLYN W. COLVIN | ) | |
|     Acting Commissioner of | ) | |
|     Social Security | ) | |

To:  The Honorable John T. Nixon, Senior District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI") as provided under Title XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 8), to which Defendant has filed a response (Docket Entry No. 10). Plaintiff has also filed a subsequent reply to Defendant's response (Docket Entry No. 11).

Upon review of the administrative record as a whole and consideration of the parties' filings, the Court recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 8) be **GRANTED,** the decision of the Social Security Administration be **REVERSED**, and this matter be **REMANDED** for further administrative proceedings consistent with this Report.

# I. INTRODUCTION

Plaintiff filed an application for SSI on June 12, 2007. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 70, 72.[1] He alleged a disability onset date of February 13, 2007. AR 31, 70, 72. Plaintiff asserted that he was unable to work because of leg and shoulder problems. AR 71, 73.

Plaintiff's applications were denied initially and upon reconsideration. AR 31, 70-73. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Donald E. Garrison on March 16, 2010. AR 45. On March 26, 2010, the ALJ denied the claim. AR 28-30. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on December 22, 2011 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on March 26, 2010. AR 28-30. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since June 12, 2007, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: Osteoarthritis, Degenerative Joint Disease, left knee, status post total replacement; Musculoskeletal Disorder secondary to prior injury, right shoulder (20 CFR 416.920(c)). However, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

***

3. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, consistent with the performance of light work as defined in 20 CFR 416.967(b) except as follows:. The claimant is limited to jobs that allow for only occasional postural activities of climbing, balancing, stooping, crouching, kneeling, or crawling, with no overhead work involving the right arm. He is further limited to jobs that permit him to alternate between standing, walking, or sitting at will.

***

4. The claimant has no past relevant work (20 CFR 416.965).

***

5. The claimant was born on July 21, 1964 and was 42 years old, which is defined as a younger individual, age 18-49, on the date the application was filed (20 CFR 416.963).

6. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

***

7. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

8. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

***

9. The claimant has not been under a disability, as defined in the Social Security Act, since June 12, 2007, the date the application was filed (20 CFR 416.920(g)).

AR 33-41.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v.*

*Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra; Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If the claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other

substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428. 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

**C. The ALJ's Five -Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff has no past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed him to perform light

7

work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 33-41.

### D. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ erred by failing to provide an accurate and complete hypothetical question to the vocational expert ("VE") to support his decision at step five that Plaintiff's RFC allows him to perform jobs that exist in significant numbers in the national economy. DE 9 at 8. Plaintiff argues that the Commissioner's decision should therefore be remanded for an additional hearing pursuant to sentence four of 42 U.S.C. § 405(g). *Id*. at 10.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses Plaintiff's assertion of error below.

**1. The VE testimony.**

Plaintiff's sole assertion of error involves the adequacy of the first hypothetical question that the ALJ presented to the VE during his hearing. Plaintiff argues that the hypothetical question failed to account for Plaintiff's need to walk at will, even though the ALJ ultimately assigned an RFC that included a limitation requiring that Plaintiff be permitted to walk at will. DE 9 at 9-10. Therefore, according to Plaintiff, the VE did not identify jobs in the regional and national economy that he would be able to perform based on an accurate depiction of his functional limitations.

The hypothetical question to which Plaintiff refers states the following:

> Assume a person of the claimant's age, education, no work experience. Assume I find such a person is limited to light work with occasional postural activities. That's to say, climbing, balancing, stooping, crouching, kneeling, crawling. Assume the person is limited to standing, walking, well, *let's just assume a sit-stand option at will*. Let's assume the person is right-hand dominant and limited to no use of the right dominant arm overhead. What unskilled light and sedentary work would be available for such a person and what numbers [sic] in the Tennessee regional economy?

AR 64 (emphasis added). In response, the VE provided several jobs that a person with such limitations would be able to perform, including inspector, assembler, and production worker. AR 64-65. However, in the subsequent option, the ALJ included a limitation in the RFC that restricts Plaintiff "to jobs that permit him to alternate between standing, *walking*, or sitting at will." AR 36 (emphasis added). There was thus no VE testimony provided to support an RFC that includes a limitation requiring that Plaintiff be allowed to walk at will.

Defendant argues in response that substantial evidence supports the ALJ's determination because Plaintiff never "claimed a need to walk." DE 10 at 10. Defendant points to the ALJ's explanation of the sit/stand limitation as evidence that this restriction intended only to address Plaintiff's posture, and not his capacity for walking:

> [T]he need for the claimant to be able to alternate between sitting and standing at will was also included to provide the claimant with the benefit of the doubt to the extent that he testified that he is unable to maintain a given posture indefinitely, notwithstanding that the objective medical evidence clearly contradicts allegations that he was unable to endure a specific posture but for short periods of time.

AR 39. Defendant also cites SSR 83-12 in support of its position that the ALJ did not intend to craft an RFC that permitted Plaintiff to walk at will, but instead attempted to accommodate Plaintiff's need to change posture:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work.

1983 WL 31253, at *4. Defendant also cites SSR 96-9p's similar explanation that an "individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically." 1996 WL 374185, at *7. Defendant does not, however, concede that the ALJ committed error by failing to include the walking option in the hypothetical question posed to the VE.

Nonetheless, it is clear to the Court that the ALJ erred in this matter. The RFC includes a requirement that Plaintiff be allowed to "alternate between standing, walking, or sitting at will" (AR 36), yet this limitation was derived from VE testimony in response to a hypothetical question that did not include the requirement that Plaintiff be allowed to walk at will. The pertinent issue is thus whether this error was harmless.

The ALJ initially presented the VE with a hypothetical question that included a "sit/stand option," but no express limitations involving an option for walking, to which the VE responded

that several jobs would be available to Plaintiff both at the light work and sedentary levels. AR 64-65. The ALJ then posed an additional hypothetical to the VE based on the consultative examination report completed by Dr. Bruce Davis, which included a limitation for "[s]tanding/walking— 4-6 hrs/8hr workday (< 1 hour uninterrupted)" and "[s]itting— 8 hrs/8hr workday." AR 231. When the VE advised that the positions she had previously designated would be available only at the sedentary level due to the restriction of four to six hours of standing and walking, with less than one hour of uninterrupted standing and walking at a time, the ALJ asked the VE to explain whether the standing/walking restriction from Dr. Davis's report was equivalent to the sit/stand limitation from the first hypothetical:

> ALJ: Do you think the standing, walking limitation is consistent with a sit-stand option?
>
> VE: *Not quite, your honor. No*.
>
> ALJ: In what way not quite?
>
> VE: The sit-stand option, when I look at these jobs, and of course that's not covered in the [Dictionary of Occupational Titles], but the sit-stand option, two sit-stand options an hour. And I know some say only one per hour, for a sit-stand [option]. To me, that's different than one hour uninterrupted. In other words, every hour.
>
> . . .
>
> ALJ: So, does that not mean that, that less than once per hour, there will need to be something other than standing, walking, such as sitting?
>
> VE: Yes.
>
> ALJ: And isn't that--
>
> VE: Yes.
>
> ALJ: --what a sit-stand option is all about?
>
> VE: Yes.

AR 67 (emphasis added). Despite this confusion, the ALJ failed to reframe his initial hypothetical to explicitly include a limitation pertaining to walking. He instead proceeded to pose a third hypothetical question based on the consultative examination report of Dr. Albert Gomez. AR 68. Therefore, at most, the VE testified that a sit-stand option indicates that "less than once per hour, there will need to be something other than standing, walking, such as sitting[.]" AR 67. There was no further clarification by the VE as to whether the "standing/walking" restriction from Dr. Davis's report corresponded to the "sit-stand option" presented in the first hypothetical. Thus, although the ALJ may or may not have assumed that the above-quoted excerpt demonstrates that there is a walking component to the sit-stand option, the VE did not specifically testify that the option to alternatively sit and stand at will is equivalent to the RFC's limitation allowing Plaintiff to stand, sit or walk at will.

The ALJ's hypothetical is further complicated by the fact that he initially included an explicit limitation with respect to walking before immediately retracting it: "Assume the person is limited to standing, *walking*, well, let's just assume a sit-stand option at will" AR 64 (emphasis added). It is unclear from this statement alone whether the ALJ assumed that the VE would instinctively consider the walking limitation to be part of a "sit-stand option," or whether he was removing the walking restriction from the hypothetical. This is problematic because the Dictionary of Occupational Titles ("DOT") does not define the parameters of a "sit-stand option," as discussed by the VE in this case. AR 67. *See also Moraniec v. Comm'r of Soc. Sec.*, No. 12-13495, 2013 WL 4516385, at *9 (E.D. Mich. Aug. 26, 2013) (noting a VE's testimony indicating that the DOT would not define the number of jobs available for a hypothetical individual who needed a sit-stand option). Given this lack of clarity, it is perplexing that the ALJ failed to specifically include the option to walk at will in his posed hypothetical, yet explicitly

included this limitation in the assigned RFC. Regardless, it is not the role of this Court to speculate what the ALJ intended in the first hypothetical. It is instead the role of the ALJ to pose a clear and accurate hypothetical question that represents a "complete assessment of [Plaintiff's] physical and mental state[.]" *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir. 2004).

The Court has identified multiple cases in this circuit affirming decisions by an ALJ who relied on VE testimony regarding a claimant's ability to work based on a hypothetical that included both a sit-stand option *and* a walking restriction. *See, e.g., Markel v. Comm'r of Soc. Sec.*, No. 13-11196, 2013 WL 5854467, at *4 (E.D. Mich. Oct. 30, 2013) (affirming ALJ's decision containing RFC that mirrored hypothetical question to VE involving "individual [who] could perform work … with a sit, stand option, sit, stand option means the individual could sit or stand at will while performing the assigned duties. This individual could stand up to 20 minutes at a time *and walk for up to 15 minutes at a time*") (emphasis added); *Patterson v. Comm'r of Soc. Sec.*, No. 1:09-cv-413, 2010 WL 774678, at *3 (W.D. Mich. Mar. 1, 2010) (affirming decision of ALJ who relied on VE testimony that confirmed availability of jobs in significant numbers for individual who could "*stand and/or walk for a total of about 2 hours*, could sit for a total of about 6 hours, and would require a sit/stand option at will") (emphasis added); *Wagner v. Colvin*, No. 2:15-cv-0029, 2015 WL 6868551, at *3 (W.D. Mich. Nov. 9, 2015) (affirming ALJ's denial of benefits based on VE testimony confirming availability of jobs for claimant who was "unable to *stand and/or walk more than two hours* per eight-hour workday; need to sit/stand at will throughout the workday") (emphasis added). Conversely, the ALJ in the case at bar failed to include such a walking limitation in his hypothetical question to the VE, and instead specifically withdrew it.

Defendant argues that the ALJ's apparent interchangeable use of "sit/stand option" and "sit/stand/walk option" is understandable based on SSR 83-12 and SSR 96-9p, which Defendant claims "focus on an individual's need to change postures, not necessarily a need to walk." DE 10 at 10. While this may be true, it is not the relevant issue. Even if the walking limitation was solely intended to address Plaintiff's postural limitations, the ALJ failed to pose a hypothetical to the VE that covered the full extent of the limitations that comprised the ultimate RFC. *See Perry v. Comm'r of Soc. Sec.*, No. 3:09-cv-1847, 2010 WL 7366775, at *6 (N.D. Ohio Sept. 27, 2010) ("While it is likely true that standing and walking are often grouped together when discussing a person's limitations, the hypothetical question must precisely and comprehensively set out every physical and mental impairment that the ALJ accepts as true and significant.") (internal citation omitted). Therefore, the ALJ's conclusion that Plaintiff could perform jobs that exist in significant numbers in the economy (AR 40) was not supported by substantial evidence.

An ALJ may rely on a VE's testimony indicating that a claimant can perform a number of jobs in the national economy despite his limitations "[s]o long as the hypothetical is accurate." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 680 (6th Cir. 2013). *See also Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 428-29 (6th Cir. 2014) ("A vocational expert's testimony *in response to an accurate hypothetical* represents substantial evidence that the claimant has the vocational qualifications to perform specific jobs.") (internal citations omitted) (emphasis added); *Cooper v. Comm'r of Soc. Sec.*, 217 F. App'x 450, 453 (6th Cir. 2007) ("[T]he ALJ must include in the question an accurate calculation of the claimant's residual functional capacity—i.e., a description of what the claimant can and cannot do.") (internal citations and quotations omitted); *Felisky*, 35 F.3d at 1035-36 ("[F]or a response to a hypothetical question to constitute substantial evidence, each element of the hypothetical must accurately describe the

claimant") (internal citation omitted). Here, the ALJ explicitly withdrew a limitation from a hypothetical posed to the VE involving Plaintiff's ability to walk. AR 64. There was thus no testimony that the jobs the VE designated as possible for Plaintiff would allow him to stand, sit, *and walk* at will, which the ALJ ultimately determined was representative of Plaintiff's RFC. AR 36. It is therefore irrelevant that Plaintiff "did not state that he needed to walk," as argued by Defendant. DE 10 at 11.

The Court acknowledges that the Sixth Circuit has previously affirmed an ALJ decision denying benefits based on VE testimony in response to a hypothetical that differed from the RFC. *See Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828 (6th Cir. 2005). However, the assigned RFC assessment in that case contained physical limitations that were <u>less</u> restrictive than those included in the hypothetical question posed to the VE. *See id.* at 845 ("[Because] such testimony was based on a hypothetical that was more [favorable] physically than the RFC we find supported by substantial evidence, we hold that finding an RFC different from the hypothetical given the VE was not reversible error."). In the case at bar, the ALJ's posed hypothetical was less favorable physically due to its exclusion of the "walking at will" option. The Court thus concludes that this omission was not harmless error. *Cf. McVey v. Comm'r of Soc. Sec.*, No. 2:10-cv-231, 2011 WL 7568603, at *8 (E.D. Tenn. Oct. 18, 2011), *report and recommendation adopted*, 2012 WL 966484 (E.D. Tenn. Mar. 21, 2012) ("An error in formulating the hypothetical question can be harmless if the hypothetical is more favorable to the claimant than the ALJ's RFC determination.") (internal citation omitted); *Allen v. Colvin*, No. 3:10-cv-1024, 2014 WL 1775564, at *25 (M.D. Tenn. Apr. 29, 2014) ("Because the plaintiff had an RFC that was greater than that required to perform sedentary work, the ALJ was permitted to rely on the VE's testimony regarding the availability of sedentary jobs.").

Based on the foregoing analysis, the Court finds that the Commissioner's decision was not supported by substantial evidence, and thus recommends that this case be remanded for an additional hearing.

## V. RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 8) be GRANTED, and that the Commissioner's decision be REVERSED AND REMANDED for further proceedings consistent with this Report and Recommendation.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_____
BARBARA D. HOLMES
United States Magistrate Judge